**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

CARMANITA GONZALES,

       Plaintiff,                    CIVIL ACTION NO. 11-12910

vs.

                                       DISTRICT JUDGE NANCY G. EDMUNDS

UNITED STATES OF AMERICA,     MAGISTRATE JUDGE MONA K. MAJZOUB

       Defendant.
_____/

**REPORT AND RECOMMENDATION**

**I.    RECOMMENDATION:**  Defendant's motion to dismiss (docket no. 29) should be **GRANTED** and Plaintiff's complaint should be dismissed without prejudice.

**II.   REPORT:**

Plaintiff Carmanita Gonzales initiated this *pro se* action on July 5, 2011 claiming that federal law enforcement officer K. Smith physically assaulted her, filed a false report, and detained her in his office jail cell on December 27, 2007 after she allegedly attempted to pass through security screening in a federal building while carrying dogspray.  (Docket no. 1).  On February 12, 2013 the Court entered an order substituting the United States of America for Defendant K. Smith on grounds that because K. Smith was acting within the scope of his employment at the time of the incident the exclusive remedy for Plaintiff's claim is an action against the United States.  28 U.S.C. § 2679(b)(1), (d)(1), (2).  (Docket no. 28).

On February 13, 2013 Defendant United States filed the instant motion to dismiss.  (Docket no. 29).  Plaintiff filed a response entitled "Is Laura Sagolla (Defense Counsel) Deaf?"  (Docket no.

1

31). She also filed several documents asking the Court to reinstate K. Smith as a Defendant in this action. (Docket nos. 31, 33). This case has been referred to the undersigned for all pretrial matters. (Docket no. 6). The Court dispenses with oral argument on the motion pursuant to E.D. Mich. LR 7.1(f). The Court is now ready to rule on the motion pursuant to 28 U.S.C. § 636(b)(1)(B).

**A.     Standard**

Defendant moves to dismiss Plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. In a light most favorable to the plaintiff, the court must assume that the plaintiff's factual allegations are true and determine whether the complaint states a plausible claim for relief. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Bower v. Fed. Express Corp.*, 96 F.3d 200, 203 (6th Cir. 1996). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

**B.     Analysis**

Defendant alleges that Plaintiff failed to exhaust her administrative remedies under the Federal Tort Claims Act (FTCA) with regard to her allegations involving K. Smith. The FTCA provides a limited waiver of sovereign immunity for plaintiffs seeking to pursue tort claims against the United States. *See Smith v. United States,* 507 U.S. 197, 203 (1993) (citation omitted). 28 U.S.C. § 2675(a) provides that a tort claim shall not be instituted against the United States for money damages arising from a personal injury caused by the negligent or wrongful act of a government

employee acting within the scope of his employment "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail" or six months have passed since the claim was presented to the agency and no decision has been reached.  Because the FTCA constitutes a limited waiver of sovereign immunity, a prospective plaintiff must strictly adhere to the statute's procedural requirements. *Blakely v. United States,* 276 F.3d 853, 864–65 (6th Cir. 2002) (explaining that the circumstances of the waiver of sovereign immunity must be "scrupulously observed").  Pursuant to 28 U.S.C. § 2401, a tort claim against the United States "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues" or unless a complaint is filed "within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented."  28 U.S.C. § 2401(b).

    Defendant argues that Plaintiff failed to exhaust her administrative remedies under the FTCA before filing suit.  Defendant has submitted Frank Levi's declaration that states that after a thorough search of the FTCA administrative claims records of the Federal Protection Service and the Immigration and Customs Enforcement ("ICE") arm of the Department of Homeland Security, no FTCA administrative claim filed by Plaintiff has been found.  (Docket no. 29, ex. A).  Defendant further argues that Plaintiff is now barred from filing an administrative claim by the two-year statute of limitations applicable to FTCA administrative claims.  28 U.S.C. § 2401(b).

    Plaintiff filed this action approximately two years ago and more than three years after the alleged incident occurred.  The cursory allegations in Plaintiff's one-page complaint fail to identify any specific cause of action and provide very little factual background for her claim.  Defendant

United States has shown that Plaintiff has not filed an administrative claim in the appropriate federal agency and is now barred by the statute of limitations from doing so.  Plaintiff has not made any attempt to argue otherwise.  Even if the Court were to construe Plaintiff's complaint as raising a Bivens-type claim against officer K. Smith, Plaintiff is time-barred from pursuing that claim by the three-year statute of limitations applicable to such claims.  Mich. Comp. Laws § 600.5805(10).  Defendant has shown that Plaintiff has not alleged claims for which this Court can grant her relief.  Accordingly, the Court recommends that Defendant's motion to dismiss Plaintiff's complaint be granted without prejudice.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 13, 2013                    s/ Mona K. Majzoub
                                       MONA K. MAJZOUB
                                       UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Report and Recommendation was served upon Carmanita Gonzales and Counsel of Record on this date.

Dated: May 13, 2013                    s/ Lisa C. Bartlett
                                       Case Manager